UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY TERRY, and<br>CHARLIESE JONES,<br><br>      Petitioners,<br><br>v.<br><br>UNITED STATES PROBATION<br>OFFICE, *et al.*,<br><br>      Respondent. | CV422-125 |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioners Anthony Terry and Charliese Jones have filed the instant petition pursuant to 28 U.S.C. § 2241, challenging actions taken by the United States Probation Office. *See generally* doc. 1. The Clerk notified petitioners of a filing fee deficiency, doc. 2, which they timely cured, *see* docket entry dated May 17, 2022. The Court will, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits

1

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

The Petition explains that petitioners are a married couple. *See* doc. 1 at 1. Petitioner Anthony Terry is currently serving a 198-month sentence for possession of cocaine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. *Id.* He does not indicate where he was convicted, and a review of this Court's docket indicates that he was not convicted in this District.[2] Jones resides in Savannah, Georgia. *Id.*; *see also* doc. 1-1 at 2. Terry submitted his wife's address as a potential location for his "halfway house." Doc. 1 at 1. A United States probation officer visited the residence and "determined that Terry cannot release to the Savannah Address because [Jones'] minor teenage daughter lives there." *Id.* Petitioners contend that the Probation Office's refusal to permit Terry to cohabitate with Jones interferes with their, respective, substantive due process rights. *Id.* at 3-4.

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

[2] It appears that Terry was convicted in the Middle District of Florida. *See United States v. Terry*, 3:10-cr-17, doc. 191 (M.D. Fla. Jan. 11, 2012) (Judgment).

Jones is not a proper party to this petition. The Eleventh Circuit has explained that a court lacks jurisdiction to consider a habeas petition from a petitioner who is not "in custody." *See Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (citing *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402-03 (11th Cir. 1988)). "The petitioner need not be physically confined . . . as long as the state action subjects the petitioner to restraints on liberty that are not generally shared by the public." *Id.* Despite the apparent effect of the Probation Office's determination on Jones, it does not render her "in custody" for purposes of § 2241. *Cf. Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1293 (10th Cir. 2001) (spouses of deportable aliens "do not have standing under 28 U.S.C. § 2241 because they cannot claim to be in custody in violation of the Constitution or laws of the United States." (internal quotation marks omitted)). Because Jones is not directly subject to the restrictions imposed by Terry's supervised release conditions, to the extent that she joins in the Petition, it should be **DISMISSED** for lack of jurisdiction.[3]

---

[3] The Court makes no determination on the merits of Jones' allegation that the United States Probation Office's refusal to approve her address as a residence for Terry upon his release violates her constitutional rights. *See* doc. 1 at 4. The Court merely concludes that, to the extent that there are avenues to remedy such alleged violations, they do not include a § 2241 petition.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage

4

of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Although it is clear that the Court lacks jurisdiction over the Petition, to the extent that it seeks habeas relief for Jones, the Court will direct service of the Petition, to the extent that it seeks habeas relief for Terry, on the United States Probation Office. First, the Court is satisfied, at least for screening purposes, that the restriction on Terry's location of residence constitutes "custody." *Cf. Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011) ("[T]he Supreme Court has found that the in custody requirement is satisfied where restrictions are placed on a petitioner's freedom of action or movement."). Terry also alleges that the restriction violates his constitutional rights. *See* doc. 1 at 4. Finally, as Terry recognizes, this Court has suggested that, for petitions challenging rejection of housing locations, "the court that oversees the particular officer with jurisdiction over that officer or officers," may be an

appropriate venue.[4] *See* doc. 1 at 2 (citing *Vergera v. United States*, 2021 WL 5184251, at *1 n. 1 (S.D. Ga. Oct. 1, 2021) (noting that the warden having custody of the petitioner was "not the proper respondent" for a claim concerning post-release residence)); *see also Vergera v. United States*, 2021 WL 5181056, at *1 (S.D. Ga. Nov. 8, 2021) (noting that a dispute concerning post-release residence might be filed "with the sentencing court . . . or perhaps . . . the [d]istrict to which [petitioner] wishes to relocate after his release." (citing *Davis v. Hollingsworth*, 2009 WL 2241123, at *1 (S.D. Ill. July 24, 2009)). The Court cannot, therefore, conclude that "it plainly appears from the petition . . . that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases.

Accordingly, the Court **DIRECTS** the United States Marshal to serve a copy of the Petition and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named respondents, the United States Probation Office, P.O. Orlando,

---

[4] The Court in *Vergera* found that the sentencing court had exclusive jurisdiction over the petitioner's challenge to a residence restriction, as approval would require modification of a term of supervised release. *See Vergera*, 2021 WL 5184251, at *2. Unlike the Petitioner in *Vergera*, Terry contends that the respondents have added a condition to his supervised release—*i.e.*, that he not reside with a minor—that was not imposed by the sentencing court. *See* doc. 1 at 2-4 (alleging that the rejection of his proposed residence "impose[ed] a nonexistent supervised release condition.").

and P.O. Supervisor Hinesman; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. *See* Fed. R. Civ. P. 4(i).

The Court **DIRECTS** the respondents to show cause, in writing, why Petitioner's writ should not be granted by filing an Answer within twenty-one days of service of the Petition. *See* Rules 4-5, Rules Governing Section 2254 Petitions. **If any respondent seeks dismissal or denial of the Petition, that respondent should file, in lieu of an answer, a motion to dismiss or deny the Petition.** Grounds for a motion to dismiss include, but are not limited to: failure to exhaust available remedies, untimeliness, failure to state a cognizable claim, procedural default, second or successive petition bar, absence of custody at the time the petition was filed, mootness, ripeness, and failure to name the proper respondent. Respondent must attach complete copies of all files and records cited in support of a motion to dismiss as exhibits to the motion to dismiss. If any respondent moves to dismiss and the motion is denied, that respondent must file an answer which complies with Rule 5 within twenty-one days of denial of the motion to dismiss. The Court

**DIRECTS** the Clerk of Court to serve a courtesy copy of this Order on the United States Attorney for the Southern District of Georgia.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of June, 2022.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA