IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY TERRY, and CHARLIESE JONES, | |
| Petitioners, | CIVIL ACTION NO.: 4:22-cv-125 |
| v. | |
| UNITED STATES PROBATION OFFICE, P.O. ORLANDO, and P.O. SUPERVISOR HINESMAN, | |
| Respondents. | |

**O R D E R**

Petitioners Anthony Terry and Charliese Jones, a married couple, have filed this petition, pursuant to 28 U.S.C. § 2241, to challenge the United States Probation Office's determination that Terry, who is currently incarcerated, cannot be released to Jones' residence.  (See doc. 3, p. 2.) The Magistrate Judge recommended that any claim for relief asserted by Jones be dismissed because she is not "in custody" within the meaning of 28 U.S.C. § 2241.  (See doc. 3, p. 3.)  Terry objected to that recommendation.  (Doc. 9.)  For the following reasons, Plaintiff's objections are **OVERRULED**.  The Report and Recommendation is **ADOPTED**.  (Doc. 3.)  Any claims asserted by Charliese Jones in the Petition are **DISMISSED**.

It is not clear that Terry has any standing to object to the Magistrate Judge's recommendation concerning any claim asserted by Jones.  It is well-established that *pro se* parties cannot represent the interests of others.  See, e.g., Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012).  As the Eleventh Circuit has explained, "[t]he right to appear *pro se* . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing

the interests of others." Id. (citation omitted).  Jones has not signed the Objection.  (See doc. 9, p. 3.)  Since the recommendation was limited to the disposition of Jones' claims for relief, as opposed to Terry's, she has not objected to it.

Terry's Objection does not identify any defect in the Magistrate Judge's analysis, regardless of his ability to object on Jones' behalf.  Terry's Objection asserts that the Probation Office's action impinges on Jones' right to marital cohabitation.  (Id., p. 2.)  He contends that such an impingement amounts to a "restraint," within the meaning of § 2241.  (Id., pp. 1-2 (citing Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 402-03 (11th Cir. 1988)).  Terry's assertion that Jones' constitutional rights may be implicated is simply irrelevant to the question of whether she may seek to vindicate those rights through a petition for habeas corpus.  Terry points to the Magistrate Judge's qualification that the recommendation is limited to Jones' request for habeas corpus relief, which "implied . . . that there is a claim to possibly be made by Jones."  (Doc. 9, p. 2; see also doc. 3, p. 3 n. 3.)  Whether Jones might have *some* claim, the Magistrate Judge correctly concluded that she is not "in custody," and thus cannot seek to pursue that claim through a § 2241 petition.[1]

Accordingly, since Jones has not objected to the Magistrate Judge's recommendation that her petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, be dismissed, the Magistrate

---

[1] While habeas corpus "petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public," Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015), the Court is aware of no authority that the restraint in question can be vicarious.  To be sure, any restraint imposed on an individual will have consequential effects upon that individual's family.  However, recognition that any family member, or indeed other individual, so affected can pursue habeas corpus relief would expand the scope of such relief far beyond its traditional bounds.  Cf. Nino v. Johnson, 2016 WL 6995563, at *6 (N.D. Ill. Nov. 30, 2016) (concluding that a petitioner's "separat[ion] from her family, namely three children and a husband . . ." was a "unique *hardship*[, but did] not translate into the kind of unique *restraint* needed to meet the 'in custody' requirement of the general habeas statute . . ." (internal quotation marks and citation omitted)).  Like the petitioner in Nino, "the United States exercises 'no control or responsibility' over" Jones.  Id. (quoting Samirah v. O'Connell, 335 F.3d 545, 551 (7th Cir. 2003)).  That lack of control precludes jurisdiction under § 2241.  Id.

Judge's Report and Recommendation is **ADOPTED**.  Jones' § 2241 Petition is **DISMISSED**. Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872, at *1-*2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 2011 FD.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal is likewise **DENIED**.  28 U.S.C. § 1915(a)(3).  Terry's Petition and the Respondents' Motion to Dismiss, (doc. 10), remain pending.

    **SO ORDERED**, this 17th day of October, 2022.

 

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA