**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ANTHONY TERRY, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | CV422-125 |
| | ) | |
| UNITED STATES PROBATION | ) | |
| OFFICE, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER AND REPORT AND RECOMMENDATION</u>**

*Pro se* petitioners Anthony Terry and Charliese Jones filed the instant petition pursuant to 28 U.S.C. § 2241, challenging actions taken by the United States Probation Office. *See generally* doc. 1. The Court screened the Petition and recommended that petitioner Jones be dismissed. Doc. 3. The District Judge adopted that recommendation over Terry's objection. Doc. 13; *see also* doc. 9 (Objection). Respondents, including the United States Probation Office and two individual probation officers, moved to dismiss the Petition. Doc. 10. For the

1

reasons explained below, respondents' Motion should be **GRANTED**. Doc. 10. The Petition should, therefore, be **DISMISSED**.

Petitioners' failure to respond to the Motion to Dismiss is construed as indicating that they do not oppose it. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond [to a motion] within the applicable [fourteen-day] period shall indicate that there is no opposition to a motion."). Failure to oppose a motion to dismiss supports, even if does not require, dismissal. *See, e.g., Leslie v. Edge*, 2019 WL 4621911, at *1-*2 (S.D. Ga. Aug. 30, 2019) (recommending granting an unopposed motion to dismiss a § 2241 petition), *adopted* 2018 WL 4643856 (S.D. Ga. Sept. 23, 2019). Moreover, this Court has construed failure to respond to a motion to dismiss as a failure to prosecute the case, independently warranting dismissal. *See, e.g., Anderson v. Augustin*, 2020 WL 7873059 (S.D. Ga. Dec. 8, 2020), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021); *see also, e.g. Ashley-Mobley v. Kilgore*, 2020 WL 9595120, at *1 (N.D. Ala. Mar. 9, 2020) (recommending dismissal of § 2241 petition, pursuant to Federal Rule of Civil Procedure 41(b)).

Terry has not opposed the Respondents' Motion, however, he has filed a document titled "Request for a Decision," which seeks "a decision

on the instant Motion to Dismiss (filed on 06/29/2022)," without including any indication that he opposes that motion. *See* doc. 12. Given that request, the Court proceeds to consider the merits of the Respondents' Motion, notwithstanding that it stands unopposed. Respondents argue that this Court lacks jurisdiction to consider the Petition for two independent reasons. *See* doc. 10. Since both of those arguments are facially valid, they provide sufficient basis to dismiss the petition, regardless of petitioners' failure to oppose the motion.

Respondents argue, first, that jurisdiction to modify the conditions of a defendant's supervised release rests with the sentencing court until it transfers jurisdiction. *See* doc. 10 at 5-8 (citing, *inter alia.*, 18 U.S.C. § 3583). The sentencing court's authority cannot be evaded by means of a § 2241 petition. *Id.* at 6 (citing *Nolan v. Reese*, 2006 WL 1674287, at *1 (S.D. Miss. June 13, 2006)); *see also Vergara v. Warden-FCI Jesup*, 2021 WL 5184251, at *2 (S.D. Ga. Oct. 1, 2021) ("In other words, a court lacks jurisdiction under § 2241 to 'alter' a term of supervised release if that court is not the sentencing court, as such a determination falls exclusively within the authority of the sentencing court." (internal quotation marks and citation omitted); *McReynolds v. Taylor*, 2014 WL

2932683, at *2 (N.D. Fla. June 26, 2014) ("Even if petitioner amended her petition to include a request that her supervised release be modified (. . .), this court is without jurisdiction to make a determination concerning petitioner's supervised release as that determination is to be made by the sentencing court . . . .").

Respondents point out, and petitioners do not dispute, that Terry was sentenced by the United States District Court for the Middle District of Florida. *See* doc. 10-4 (Judgment); *see also* doc. 10 at 7. Despite the Petition's contention that the Probation Office has "unilaterally invent[ed] a new supervised release condition that was not imposed by the sentencing court," doc. 1 at 3, the supervised release portion of the Judgment includes the condition that Terry "shall not leave the judicial district without the permission of the court or probation officer." Doc. 10-4 at 3. Granting Terry the relief his Petition requests, and authorizing him to reside with Jones in Savannah, Georgia, would, at least facially, "modify" that term. *See* doc. 10 at 7 (arguing that granting the relief requested in the petition "would be to circumvent the statutory procedure for transfer of a person on supervised release and would inappropriately divest the sentencing court, the Middle District of Florida, of jurisdiction

4

over [Terry].").   The respondents' argument that this Court lacks jurisdiction over the condition warrants dismissal.

Second, respondents argue that Terry's dispute of the Probation Office's evaluation of his proposed residence "falls outside the scope of habeas corpus."  Doc. 10 at 8.  The respondents argue that this case is analogous to *Davis v. Hollingsworth*, which also concerned denial of a supervised-release transfer that interfered with marital cohabitation. 2009 WL 2241123, at *1 (S.D. Ill. July 24, 2009); *see also* doc. 10 at 8.  The respondents argue that Terry's failure "to seek approval of the requested transfer" precludes relief under § 2241.  *Id.* at 8-9.  The *Davis* court concluded that the Probation Office's denial of a transfer, notwithstanding that it interfered with rights to spousal cohabitation, was a "challenge [to] the conditions of prisoner's confinement [and, therefore,] fall outside the scope of habeas corpus."  2009 WL 2241123, at *1 (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).[1]  Terry's assertion, in his Petition, that this case is more analogous to *United*

---

[1] The court in *Davis* also noted that the petitioner had failed to exhaust available administrative remedies.  2009 WL 2241123, at *1.  The respondents do not assert such failure here.  *See generally* doc. 10.  However, the Court notes that there is no indication in any of Petitioner's filings that he has exhausted the available administrative remedies.  *See generally* doc. 1.

*States v. Guanipa*, 322 F. App'x 831 (11th Cir. 2009), depends upon his construction of the terms of his supervised release, as discussed above. *See* doc. 1 at 2-3. In the absence of any argument from him that he is not effectively seeking to modify the term requiring him to remain in the Middle District of Florida, the Court finds *Davis* to present a more apt analogy.[2]

Since the respondents' arguments are plausible on their face, and Terry has not controverted them at all, the Court should **GRANT** the Motion. Doc. 10. The Petition should, therefore, be **DISMISSED**. Terry's Motion for a Decision is **DISMISSED** as moot. Doc. 12. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[2] In addition to the factual distinction between this case and *Guanipa*, the procedural posture of the two cases casts significant doubt on Terry's contention. The Court in *Guanipa* was considering a decision by a sentencing court, where jurisdiction was established under 18 U.S.C. § 3583. *See* 322 F. App'x at 832. Whether Terry's argument concerning his "associational right" might be valid, *see* doc. 1 at 3, *Guanipa* suggests it should be made to the sentencing court. *Cf. Guanipa*, 322 F. App'x 831 at 833 (remanding to the sentencing court to "elaborate, following a hearing, why [an associational] restriction has a reasonable relationship to her convicted conduct and is reasonably necessary to protect the public.").

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not

7

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

      **SO ORDERED AND REPORTED AND RECOMMENDED**, this

17th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA